Oswald v. Stewart.

---

No. 26,862.

LEONA OSWALD, doing business as THE SOUTHWESTERN HAY AND GRAIN COMPANY, *Plaintiff*, v. H. B. STEWART, JR., doing business as THE STEWART-PECK SOUTHWESTERN SAND COMPANY, *Defendant*. (THE CHARLES WOLFF PACKING COMPANY, Intervener, *Appellant*, v. C. A. KLINE as receiver of THE STEWART-PECK SOUTHWESTERN SAND COMPANY, *Appellee*.)

SYLLABUS BY THE COURT.

RECEIVERS—*Discharge—Before Payment of Debts When Funds Exhausted.* It is not error to discharge a receiver without requiring him to pay rent for property leased by him under an order of the court where all the property and funds in the hands of the receiver have been sold, disposed of, and paid out as ordered by the court, and there remains no further funds or property out of which to pay claims or costs.

Appeal from Shawnee district court, division No. 1; JAMES A. McCLURE, judge. Opinion filed November 6, 1926. Affirmed.

*D. R. Hite* and *M. D. Freidberg*, both of Topeka, for the appellant.
*Clayton E. Kline*, of Topeka, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The Charles Wolff Packing Company, as intervener, appeals from an order approving the report of C. A. Kline, receiver, from an order discharging him as such receiver, and from an order overruling objections to his discharge:

On October 11, 1922, C. A. Kline was appointed receiver of the Stewart-Peck Southwestern Sand Company, and afterward qualified and acted as such. Under an order of the court, the receiver entered into a lease contract with the Charles Wolff Packing Company, the intervener, by which that company leased to the receiver certain real property occupied by a railroad track and used by the receiver in the operation of the plant under his control. By the lease, the receiver was to pay an annual rental of $250. On July 29, 1925, the receiver was by the court ordered to sell the property in his hands free of encumbrances except $1,500 receiver's certificates which had

Receivers, 34 Cyc. p. 478 n. 6.

been ordered issued by the court and which had been made a lien on the property ordered sold. On August 24, 1925, the property was sold to the holder of the certificates for $1,500. On the approval of the sale, the court ordered the receiver to accept the $1,500 receiver's certificates in payment for the property sold. On September 12, 1925, the receiver filed his application for final settlement and discharge. He stated that he had filed with the court a report of the sale of property, which report disclosed the disposition of the proceeds of the sale, as above outlined. He further stated that he then had no funds in his hands for the payment of claims against the receivership estate or for the payment of compensation to the receiver or his attorney. Thereafter the Charles Wolff Packing Company filed an objection to the application of the receiver in which objection the packing company stated that the property had been leased and that there remained due as rent the sum of $458.30. The intervener also stated that all of the proceeds arising from the sale of the property sold by the receiver had been applied to the satisfaction of one claim. The packing company asked that the report of the receiver be not approved; and that he be not discharged until he pays the claim of that company.

The order discharging the receiver recites a number of outstanding accounts incurred during his receivership, among which is included one for the Wolff Packing Company of $333.36. The order also recites—

"That there are no funds in the hands of the receiver with which to pay said claims.

"That the receiver has filed his final report herein and has submitted therewith vouchers for payments made during said receivership, and where vouchers are missing has satisfied the court that the same were regularly paid, and the court finds that said report should be approved.

"The court further finds that there are no funds in the hands of the receiver with which to pay compensation to the receiver or to his attorney for their services; that there is no property in said receivership out of which same can be paid, and by reason thereof no allowance should be made for payment to the receiver for his services or for the services of his attorney.

"That the court costs in this case should be taxed against the defendant and that the receiver herein should be discharged and his bondsmen discharged from further obligation in this matter."

The objection to the discharge of the receiver was overruled, and he was discharged in accordance with the finding of the court. Under the circumstances, it was not error to overrule the objections of the intervener and to discharge the receiver.

The judgment is affirmed.